ELLIS, Judge:
Plaintiff alleges that it sold and delivered certain merchandise to defendant, on a C.O.D. basis, but that defendant refused to pay for same.
The record shows that Mr. Teagle, president of the plaintiff corporation, approached Mr. Cristina, president of the defendant corporation, relative to the purchase of a *96 certain novelty item. According to plaintiff, defendant ordered six dozen of the items to be delivered to each of four stores, and agreed to pay for them when delivery was made.
According to defendants, it was agreed that plaintiff could deliver as many of the items as he wished to each store on a consignment basis. No payment was to be due plaintiff other than for merchandise sold.
Mr. Cristina initialled a document which plaintiff calls a purchase order, but which defendants claim is only an authorization for Mr. Teagle to deliver the merchandise to the various stores.
The merchandise was delivered by Mr. Teagle, and at each store the manager signed a ticket which contained a description of the merchandise and the price thereof.
Mr. Teagle testified that he went to collect his money a couple of days after delivery was completed, but that Mr. Cristina said he was busy and told him to return in an hour. Teagle, being busy also, left copies of the above described tickets with Mr. Leming, vice president of the defendant corporation, and told him that Mrs. Teagle, his wife, would be there in an hour for the check. Mr. Leming gave the tickets to Mr. Cristina, but did not discuss them with him. When Mrs. Teagle arrived, she was told that Mr. Cristina had left for Italy.
Our examination of the record convinces us that plaintiff made out a prima facie case in chief. Mr. Cristina admits that he initialled an order for six dozen rattlers and one dozen records to be delivered to each of his stores. The order clearly shows the unit price of the items, and there is nothing to indicate the contract between the parties to be one of consignment.
The invoices showing delivery to the stores have the prices fully extended on them. Mr. Teagle attempted to collect shortly after delivery, and Mr. Cristina was given copies of the invoices at that time, before he left for Italy.
It is incumbent on the defendants to prove their defense that the contract was one of consignment. They offer only the testimony of Mr. Cristina and of Mr. Leming. We find that they have not borne the burden of proof. Mr. Cristina’s failure to characterize the transaction properly at its inception, coupled with his tacit acceptance of the invoices when handed to him, and Mr. Leming’s failure to advise Mr. Teagle of the alleged policy of the Cristina stores to do business on a consignment basis all point to a different conclusion. See Articles 1811 and 1816 of the Civil Code.
In the face of plaintiff’s case and the mute evidence of Mr. Cristina’s actions and those of Mr. Leming, their self-serving testimony is insufficient to prove the defense.
We note from the record that one of the stores to which the merchandise was delivered was owned by Mr. Cristina individually. The other stores were owned by the defendant corporations: Jack’s Curb Market, Broadmoor, Inc., which owned two of the stores, and Jack’s Curb Market, Perkins Road, Inc., which owned the other. Mr. Cristina is not a defendant herein, so plaintiff is not entitled to judgment against him for merchandise delivered to his store, nor can plaintiff have judgment against the defendant corporations for merchandise which they did not receive.
Accordingly, the judgment appealed from is reversed, and there will be judgment in favor of plaintiff, Teagle Products Company, Inc. and against Jack’s Curb Market, Broadmoor, Inc. in the sum of $302.74, with legal interest from date of judicial demand until paid; and against Jack’s Curb Market, Perkins Road, Inc. in the sum of $151.37, with legal interest from date of judicial demand until paid. All costs will be borne by defendants.
Reversed and rendered.